1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

8
9
10

11  THE ESTATE OF PAUL SILVA, et al.,

12                              Plaintiffs,

13  v.

14  CITY OF SAN DIEGO, et al.,

15                              Defendants.

16
17
18

Case No.: 18cv2282-MMA (KSC)

**ORDER GRANTING UNOPPOSED EX PARTE MOTION TO APPOINT PLAINTIFFS LESLIE ALLEN AND MANUEL SILVA AS SUCCESSORS-IN-INTEREST TO THE ESTATE OF PAUL SILVA**

[Doc. No. 3]

19    On October 26, 2018, Plaintiffs Leslie Allen ("Allen"), Manuel Silva ("Silva"),

20  and The Estate of Paul Silva (the "Estate"), by and through its successors-in-interest

21  Allen and Silva, filed an *ex parte* motion for Allen and Silva to be appointed as the

22  successors-in-interest to the Estate.  Doc. No. 3.  The motion is unopposed.  *See* Docket.

23  For the reasons stated herein, the Court **GRANTS** the motion.

## BACKGROUND

25    On October 2, 2018, Plaintiffs filed this action against Defendants City of San

26  Diego, Shelley Zimmerman, Andrew Murrow, County of San Diego, William Gore,

27  Alfred Joshua, Liberty Healthcare Corporation, and Community Research Foundation

28  raising several state and federal causes of action.  Doc. No. 1 ("Compl.").  Specifically,

1

Plaintiffs raise the following causes of action under 42 U.S.C. § 1983: (1) arrest without probable cause; (2) deliberate indifference to serious medical needs; (3) excessive force; (4) wrongful death; (5) right of association; (6) failure to properly train; (7) failure to properly supervise and discipline; (8) failure to properly investigate; and (9) a *Monell* claim for municipal liability. Compl. In addition, Plaintiffs assert causes of action for: (10) wrongful death pursuant to California Code of Civil Procedure § 377.60; (11) negligence; (12) violations of California's Unruh Civil Rights Act (the "Unruh Act"), California Civil Code § 51; (13) violations of California's Bane Act, California Civil Code § 52.1; (14) violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and (15) violations of the Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794. Compl.

## DISCUSSION

In actions pursuant to 42 U.S.C. § 1983, "the survivors of an individual killed as a result of an officer's excessive use of force may assert a . . . claim on that individual's behalf if the relevant state's law authorizes a survival action. The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) (citations omitted); *see also* Fed. R. Civ. P. 17(b) (stating that capacity to sue or be sued is determined "by the law of the state where the court is located"). Under California law, "[a] cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30. Thus, an action or proceeding may be commenced by the decedent's successor in interest only if there is no personal representative. *See id.*

"[A] personal representative is by definition a court-appointed executor or administrator of an estate, not merely an heir, and . . . the personal representative must be

2

empowered by law to administer the decedent's estate." *Hassanati v. Int'l Lease Fin. Corp.*, 51 F. Supp. 3d 887, 894 (C.D. Cal. Feb. 18, 2014) (internal quotation marks and citation omitted).  Allen and Silva declare that Paul Silva, the decedent, "did not leave behind any will or other testamentary instrument," and "there is no probate proceeding pending in California for the administration of his estate."  Doc. Nos. 3-1 ("Allen Decl.") ¶ 6; 3-2 ("Silva Decl.") ¶ 6.  These declarations demonstrate that there is no court-appointed executor or administrator of the estate and that no proceeding is pending for administration of the decedent's estate.  Accordingly, Allen and Silva are not the decedent's personal representatives.

      "Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law . . . ."  *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006); *see* Cal. Civ. Proc. Code § 377.30.  "'[D]ecedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action."  Cal. Civ. Proc. Code § 377.11.  Here, Paul Silva's causes of action have not been distributed in probate because he left no will or other testamentary instrument.  *See* Silva Decl. ¶ 6; Allen Decl. ¶ 6.  At the time of his death, Paul Silva was not married and had no children.  Silva Decl. ¶ 5; Allen Decl. ¶ 5.  Thus, Allen and Silva, the decedent's parents, have succeeded to Paul Silva's causes of actions under California probate law.  *See* Cal. Prob. Code § 6402(b) ("[T]he entire intestate estate if there is no surviving spouse, passes as follows: . . . (b) If there is no surviving issue, to the decedent's parent or parents equally.").

      In California, the persons who seek to commence an action as the decedent's successors in interest are required to execute and file an affidavit or declaration under penalty of perjury stating all of the following: (1) "The decedent's name[;]" (2) "The date and place of the decedent's death[;]" (3) "'No proceeding is now pending in California for the administration of the decedent's estate[;]'" (4) "If the decedent's estate was

administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest[;]" (5) "Either of the following, as appropriate, with facts in support thereof: (A) 'The affiant or declarant is the decedent's successor in interest . . . and succeeds to the decedent's interest in the action or proceeding[;' or] (B) 'The affiant or declarant is authorized to act on behalf of the decedent's successor in interest . . . with respect to the decedent's interest in the action or proceeding[;]'" (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding[;]" and (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct." Cal. Civ. Proc. Code § 377.32(a). Additionally, the affiant or declarant must attach a copy of the decedent's death certificate to his or her declaration or affidavit. Cal. Civ. Proc. Code § 377.32(c).

Plaintiffs Allen and Silva have signed declarations pursuant to California Civil Procedure Code § 377.32(a) and attached copies of the death certificate that sufficiently demonstrate they are the decedent's successors in interest. *See* Allen Decl.; Silva Decl; *see also* Cal. Civ. Proc. Code § 377.32(a)-(c). Thus, Allen and Silva have satisfied the requirements of California law and may prosecute this survival action as successors in interest to the Estate.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' *ex parte* motion and **APPOINTS** Plaintiffs Leslie Allen and Manuel Silva as successors in interest to the Estate of Paul Silva.

**IT IS SO ORDERED**.

Dated: October 30, 2018

Hon. Michael M. Anello
United States District Judge

18cv2282-MMA (KSC)