UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF PAUL SILVA, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 18cv2282-L (MSB)<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE MOTION TO AMEND SCHEDULING ORDER [ECF No. 62]** |

On May 8, 2019, Plaintiffs filed an ex parte motion to amend the scheduling order, in which they request a 45-day extension of the May 8, 2019 deadline to file a motion to join parties or amend the pleadings.  (See ECF No. 62 at 2.)  While Plaintiffs' counsel, Grace Jun, notes in her declaration that both the City of San Diego Defendants ("City Defendants") and the County of San Diego Defendants ("County Defendants") notified her of their objection to this request, only the City Defendants filed an opposition on May 10, 2019.  (See ECF No. 62-1 at ¶ 16; ECF No. 63.)

In support of Plaintiffs' request, Plaintiffs' counsel informs the Court that Plaintiffs propounded written discovery to both City and County Defendants on February 21, 2019. (ECF No. 62-1 at ¶ 5.)  On March 29, 2019, City Defendants provided documents and body worn camera footage.  (Id. at ¶ 6.)  On April 8, 2019, Plaintiffs' counsel received County Defendants' documents, audio-recorded witness interviews, video of

the attempted cell extraction, and 36 hours of video footage of Decedent Paul Silva in his cell.  (Id. at ¶ 7.)  Plaintiffs took the deposition of the County of San Diego's person most knowledgeable on April 29, 2019.  (Id. at ¶ 8.)  After reviewing the discovery provided in Defendants' responses, and based on information obtained in the County's deposition, Plaintiffs' counsel believe they have obtained nearly all of the information necessary to amend their complaint, but they wish to propound written discovery to identify the jail deputies who conducted safety checks on Decedent's jail cell.  (Id. at ¶¶ 14, 17-18.)  Plaintiffs' counsel further explains that, besides working on this case, her time has been occupied with substantial work in other cases (detailed in her declaration) since she received Defendants' discovery responses.  (Id. at ¶ 15.)

The City Defendants oppose Plaintiffs' motion, arguing that Plaintiffs have both failed to demonstrate good cause or execute due diligence, and it is untimely.  (ECF No. 63 at 3.)  Specifically, City Defendants note that Plaintiffs served written discovery nearly two weeks after the Case Management Conference, they did not specifically "seek discovery ascertaining the names of the individuals within Central Jails who had contact with Paul Silva," and they "failed to make timely review of [Defendants' responses to written discovery] a priority."  (Id. at 3-4.)  They also point out that the motion was not brought seven days prior to the deadline as required by Judge Berg's Chambers Rules.  (Id. at 4-5.)

While the Court recognizes that, strictly speaking, Plaintiffs could have acted more quickly to file written discovery and review the documentary and voluminous video discovery they received, the Court also recognizes that attorneys have multiple clients and will not always be able to complete tasks at the earliest opportunity.  On the whole, it appears to the Court that Plaintiffs' counsel has been diligent and made substantial progress toward discovery of the information needed to amend the complaint.  The Court also notes that Plaintiffs' counsel's declaration explains that she and co-counsel finished viewing the video surveillance on May 7, 2019, at which time they "determined that deputies conducting safety checks at each cell may have

observed Paul decompensating and in psychiatric distress, but failed to summon medical or psychiatric assistance." (ECF No. 62-1 at ¶ 13.)  The identification of the deputies appears to be distinct from the nurse that Plaintiffs also wish to add as a party, who Plaintiffs discussed with Defendants on April 29, 2019 according to the declaration of counsel for County Defendants.  (ECF No. 63-1 at ¶ 4.)

For the foregoing reasons, the Court therefore finds good cause to continue the deadline and to excuse Plaintiffs' failure to file the instant motion seven days prior to the May 8, 2019 deadline, and therefore **GRANTS** Plaintiffs motion.  Any motion to join parties, amend the pleadings, or add pleadings must be filed on or before **June 21, 2019.**

**IT IS SO ORDERED.**

Dated:  May 13, 2019

Honorable Michael S. Berg
United States Magistrate Judge